**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 116045

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Yoel Smilowitz, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Recovery Solutions Group, LLC,<br><br>Defendant. | Docket No: 1:18-cv-04917-LDH-VMS<br><br>**FIRST AMENDED<br>CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Yoel Smilowitz, individually and on behalf of all those similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Recovery Solutions Group, LLC (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5.  Plaintiff Yoel Smilowitz is an individual who is a citizen of the State of New York residing in Kings County, New York.

6.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7.  On information and belief, Defendant Recovery Solutions Group, LLC, is a Delaware Limited Liability Company with a principal place of business in Sussex County, Delaware.

8.  Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9.  Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. In or about September 2017, Plaintiff incurred a debt with Xchange Telecom totaling $102.81 ("the Debt").

11. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. On or about January 30, 2018, Plaintiff's spouse and Xchange Telecom entered into an agreement whereby Plaintiff agreed to pay $97.51 to Xchange Telecom for the Debt, and Xchange Telecom agreed to consider the Debt paid in full upon receipt of such payment.

13. On or about January 30, 2018, Plaintiff paid $97.51 to Xchange Telecom in full satisfaction of the Debt.

14. Thereafter, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

15. In its efforts to collect the Debt, Defendant contacted Plaintiff by letter ("the Letter") dated March 1, 2018. ("**Exhibit 1.**")

16. Plaintiff received the Letter in or about the beginning of March 2018.

17. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

## FIRST COUNT
### Violation of 15 U.S.C. § 1692e

18. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

19. The Letter states that Plaintiff owes a debt to Xchange Telecom totaling $102.81.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

20. The Letter alleges that on March 1, 2018, Plaintiff owed a debt to Xchange Telecom in the amount of $102.81.

21. On March 1, 2018, Plaintiff did not owe $102.81 to Xchange Telecom for the Debt.

22. On March 1, 2018, Plaintiff did not owe any money to Xchange Telecom for the Debt.

23. On March 1, 2018, the Debt was fully satisfied.

24. On March 1, 2018, the Debt was already extinguished.

25. 15 U.S.C. § 1692e(2)(A) prohibits a debt collector from making a false representation of the character, amount, or legal status of any debt.

26. Defendant's allegation that Plaintiff owed $102.81 to Xchange Telecom is a false representation of the character of the Debt, as the Debt was fully satisfied.

27. Defendant made a false representation of the character of the Debt, in violation of 15 U.S.C. § 1692e(2)(A).

28. Defendant's allegation that Plaintiff owed $102.81 to Xchange Telecom is a false representation of the amount of the Debt, as the amount of the Debt was zero.

29. Defendant made a false representation of the amount of the Debt, in violation of 15 U.S.C. § 1692e(2)(A).

30. Defendant's allegation that Plaintiff owed $102.81 to Xchange Telecom is a false representation of the legal status of the Debt, as the Debt was extinguished.

31. Defendant made a false representation of the legal status of the Debt, in violation of 15 U.S.C. § 1692e(2)(A).

32. 15 U.S.C. § 1692e(10) prohibits a debt collector's use of any false representation or deceptive means to attempt to collect any debt.

33. Defendant's allegation that Plaintiff owed $102.81 to Xchange Telecom is a false representation used to attempt to collect the Debt, as Plaintiff did not owe Xchange Telecom $102.81.

34. Defendant's allegation that Plaintiff owed $102.81 to Xchange Telecom is a deceptive means used to attempt to collect the Debt, as Plaintiff did not owe Xchange Telecom $102.81.

35. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## SECOND COUNT
### Violation of 15 U.S.C. § 1692f
### Unlawful Fee

36. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

37. The Letter directs Plaintiff to Defendant's website to make payment.

38. Defendant's website is a "communication" as defined by 15 U.S.C. § 1692a(2).

39. 15 U.S.C. § 1692f provides a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

40. 15 U.S.C. § 1692f(1) prohibits the collection of any amount, including any interest, fee, charge, or expense incidental to the debt, unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

41. Defendant maintains a website at https://rsgcollect.com.

42. https://rsgcollect.com is a website to which Defendant directs consumers to make payments for debts assigned to Defendant.

43. https://rsgcollect.com is a website to which Defendant directs consumers to make payments for debts Defendant attempts to collect.

44. https://rsgcollect.com is Defendant's website.

45. In or about March 2018, after reading the Letter, Plaintiff accessed Defendnat's website.

46. In or about March 2018, Plaintiff accessed Defendnat's website after being directed to do so by the Letter.

47. Defendant's website provides a payment portal, at https://rsgcollect.com/payment, for consumers to make payments online.

48. In or about March 2018, after reading the Letter, Plaintiff accessed Defendnat's payment portal.

49. In or about March 2018, Plaintiff accessed Defendnat's payment portal after being directed to the website by the Letter.

50. Defendant's payment portal set forth that Defendant charges a processing fee of 3% for payments made by credit card.

51. Defendant's payment portal set forth, "**Note: 3% processing fee will be charged on all credit cards.**" (Emphasis in original).

52. In or about March 2018, Plaintiff observed that Defendant's payment portal set forth, "**Note: 3% processing fee will be charged on all credit cards.**" (Emphasis in originaI).

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

4

53. Plaintiff considered making a payment of $5.30, but did not do so because of the processing fee.

54. After the commencement of this action, but before the filing of this amended complaint, Defendant changed its payment portal.

55. After the commencement of this action, but before the filing of this amended complaint, Defendant disabled the credit card payment option on its payment portal.

56. After the commencement of this action, but before the filing of this amended complaint, Defendant deleted the aforementioned processing fee notification.

57. The processing fee was not expressly authorized by the agreement creating the Debt.

58. The processing fee is not permitted by law.

59. The processing fee is prohibited by 15 U.S.C. § 1692f(1).

60. Defendant violated 15 U.S.C. § 1692f by charging a processing fee.

61. Defendant violated 15 U.S.C. § 1692f by attempting to charge a processing fee.

### THIRD COUNT
### Violation of 15 U.S.C. § 1692e
### False Representation as to Unlawful Fee

62. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

63. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

64. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

65. 15 U.S.C. § 1692e(2)(B) prohibits the false representation of any services rendered or compensation that may be lawfully received by any debt collector for the collection of a debt.

66. Defendant violated Section 1692e by making a false representation that it is entitled to receive compensation for payment via a processing fee.

67. The least sophisticated consumer would likely be deceived by the processing fee language into believing that Defendant was legally entitled to collect the fee.

68. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

69. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A)

5

and 1692e(2)(B).

## CLASS ALLEGATIONS

70. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a consumer debt and represented that it was entitled to receipt of a processing fee, from one year before the date of the Complaint to the present.

71. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

72. Defendant regularly engages in debt collection.

73. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts and represented that it was entitled to receipt of a processing fee.

74. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

75. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

76. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## JURY DEMAND

77. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. Certify this action as a class action; and

b. Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

c. Find that Defendant's actions violate the FDCPA; and

d. Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

e. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f. Grant Plaintiff's costs; together with

g. Such other relief that the Court determines is just and proper.

DATED: October 24, 2018

**BARSHAY SANDERS, PLLC**

By: */s/ David M. Barshay*
David M. Barshay, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
dbarshay@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 116045